IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETTY WING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DIVERSIFIED CONSULTANTS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Betty Wing brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Diversified Consultants, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union,*

*LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

9. Plaintiff Betty Wing is an individual who resides in the Northern District of Illinois.

10. Defendant Diversified Consultants, Inc., is a Florida corporation with its principal place of business at 10550 Deerwood Park Blvd., Jacksonville, FL 32256. It does business in Illinois. Its registered agent and office is Incorp Services Inc., 901 South 2nd St., Ste. 201, Springfield, IL 62704.

11. Defendant Diversified Consultants, Inc. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

12. Defendant states on its web site that "Diversified Consultants, Inc. is a full-service collection agency that can attribute its success to the training and long term retention of its agents." (https://www.dcicollect.com/services/)

13. Defendant Diversified Consultants, Inc. is a debt collector as defined in the FDCPA.

## FACTS

14. Defendant has been attempting to collect from plaintiff an alleged debt incurred,

if at all, for personal, family or household purposes.

15. On November 21, 2017, a representative of Diversified called plaintiff at her place of employment. The call was received by plaintiff's supervisor, Ms. Jones, who transferred the call to plaintiff. Plaintiff told the caller that she could not receive personal calls at her workplace.

16. On January 4, 2018, Diversified again called plaintiff at her place of employment, reaching her supervisor, who transferred the call to plaintiff.

17. Plaintiff was harassed and embarrassed as a result.

## COUNT I – FDCPA

18. Plaintiff incorporates paragraphs 1-17.

19. Defendant violated 15 U.S.C. §1692c, by calling plaintiff a second time at her place of employment.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    i. Statutory damages;

    ii. Actual damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (a) Statutory damages;

    (b) Attorney's fees, litigation expenses and costs of suit;

    (c) Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Isabella Janusz
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)